IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLAUDINO SÁNCHEZ,

Defendant.

CRIMINAL : 12-454 (DRD)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11(c)(1)(B) PROCEEDINGS (PLEA OF GUILTY)

## I. Procedural Background

On July 11, 2012, Claudino Sánchez, (hereinafter referred to as "defendant"), assisted and represented by counsel, waived his right to be charged by means of an indictment, consented to the filing of an information, and entered a guilty plea as to count one of the information. Count one of the information charges that on or about June 4, 2012, in the District of Puerto Rico and within the jurisdiction of this court, Claudino Sánchez, defendant, being an alien without authorization to enter the United States, did knowingly enter or attempt to enter the United States at a place other than a Port of entry as designated by immigration officers in violation of Title 8, United States Code, Section 1325(a)(1).[1]

## II. Consent to Proceed Before a Magistrate Judge

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences

[1] Although at a first glance it may appear that the defendant was charged only with a misdemeanor, according to the government's proffer of the evidence the defendant has a prior conviction for violating Title 8, United States Code, Section 1325. In its pertinent part, Section 1325 provides that "for a subsequent commission of any such offense" the penalties include a maximum term of imprisonment of two years. Therefore, defendant has been charged with a felony. Even though the United States proceeded to file the information without the consent of the defendant prior to the change of plea hearing, during said hearing the defendant consented to the filing of said information. Therefore, the defect in the filing of the information has been cured by the defendant's consent at the change of plea hearing.

of lying under oath (such as a perjury charge); and (d) his right to have the entry of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

**III. Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A. Rule 11(c)(1) Requirements**

> Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one, he is exposed to a term of imprisonment of not more than two (2) years, a fine not to exceed two hundred fifty thousand dollars ($250,000), and a term of supervised release not greater than one (1) year. The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Government's Evidence (Basis in Fact)**

The government presented the following proffer of the evidence which the defendant admitted as true: In the early morning hours of June 4, 2012, a suspect migrant vessel was detected by an aircraft from the Office of Air and Marine ("OAM"). Approximately an hour later, maritime vessels from the Puerto Rico Police Department and OAM intercepted the suspect vessel about three nautical miles north of Aguadilla, Puerto Rico. There were seventy-one persons on board the suspect vessel all claiming to be undocumented aliens, one of whom was the defendant. Defendant admitted to being a citizen and national of the Dominican Republic without lawful authorization to be in the United States. Defendant does not have any petitions pending with the pertinent immigration authorities.

The records check for defendant came out positive for previous immigration history. In particular, on March 14, 2009 defendant was apprehended at the Luis Muñoz Marín International Airport attempting to board an airplane without valid identification. In said occasion, defendant was granted voluntary departure. On January 13, 2012, defendant was apprehended in Barrio Obrero, Puerto Rico, and convicted for violating Title 8, United States Code, Section 1325. On this second occasion, defendant was once again granted voluntary departure.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**G. Administrative Consequences**

Defendant was warned, and he understood, that his decision to enter a guilty plea in this case may have negative effects upon his immigration status in the United States.

**IV. Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the information. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory

penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the information.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 16th day of July 2012.

s/Marcos E. López
U. S. MAGISTRATE JUDGE